# Posted on Website
# NOT FOR PUBLICATION

United States Bankruptcy Court
Eastern District of California
Fresno Division



FILED

OCT 2 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                                              )   Case No. 05-14907-B-7
                                                   )
Saundra Lynn Gentry,                               )
                                                   )
                    Debtor.                        )
                                                   )
_____               )
                                                   )
James E. Salven, Trustee,                          )   Adversary Proc. No. 05-1385
                                                   )
                    Plaintiff,                     )   DC No. DAC-3
                                                   )
        v.                                         )
                                                   )
Mark Gentry and Kara Gentry,                       )
                                                   )
                    Defendants.                    )
                                                   )

## MEMORANDUM DECISION REGARDING MOTION FOR SANCTIONS

Dorothy A. Carroll, Esq., appeared on behalf of the plaintiff and moving party, James E. Salven, chapter 7 trustee.

Kirsten K. Corey, Esq., of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, appeared on behalf of the defendants Mark & Kara Gentry.

**This Memorandum Decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

This is an unfortunate tale of good intentions gone awry. It comes before this court as a motion by the Plaintiff to, *inter alia*, reopen discovery and award sanctions. It was originally argued on July 19, 2006. The court allowed the parties to complete their discovery. The sanctions issue was continued to September 12, 2006, argued and taken under submission. At that hearing, the parties represented that the discovery had been completed. The Plaintiff wants the Defendants to pay sanctions in the amount of $1,342.75. For the reasons set forth below, the Plaintiff's motion for sanctions will be denied.

55

This Memorandum contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 544 and 548.[1] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

**Background.**

This adversary proceeding was filed by James E. Salven, chapter 7 trustee (the "Trustee"), on December 1, 2005. The Trustee alleges that the Debtor, Saundra Gentry (the "Debtor") fraudulently transferred her interest in real property to her son and daughter-in-law, defendants Mark and Kara Gentry (the "Defendants"). The Debtor is not a party to the adversary proceeding. On April 28, 2006,[2] the court issued an Order Setting Discovery Cut-off Date and Final Pre-trial Conference (the "FPC Order"). The FPC Order also set a date for the parties to file their final pre-trial statements with a list of witnesses and evidence. The FPC Order set a discovery cut-off date of June 15 and a final pre-trial conference for June 29.

To complete discovery, the Trustee needed to take the deposition of the Debtor (the "Deposition"). On April 29, the Debtor was personally served with a subpoena to appear for her Deposition on June 8. Debtor's counsel, Glen E. Gates, Esq. was served with a copy of the subpoena by mail. The Trustee also noticed depositions of the Defendants for the same date.

On June 6 and June 7, Trustee's counsel, Dorothy A. Carroll, Esq. ("Ms. Carroll")

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]Hereafter, all relevant events occurred in 2006, unless specifically stated otherwise

1   and Defendants' counsel, Hilton A. Ryder, Esq. ("Mr. Ryder") discussed through

2   telephone messages a postponement of the Deposition because they were waiting for an

3   appraisal. Mr. Ryder agreed to reschedule the Deposition so the parties could discuss

4   settlement after the appraisal was received. Ms. Carroll expressed concern regarding the

5   need to resubpoena the Debtor for a new date. Mr. Ryder verbally assured Ms. Carroll

6   that the Debtor, and the Defendants would appear for a rescheduled Deposition on either

7   June 15 or 16. Ms. Carroll confirmed this understanding in a telefax to Mr. Ryder on

8   June 12. The evidence fails to show that the Debtor, or her counsel, were included in this

9   conversation. The evidence also fails to show how or when the Debtor was notified that

10  the Deposition would not go forward on June 8 as originally scheduled.

11      At this point, the story takes a turn for the worse. On or about June 13, Mr. Ryder

12  had a personal schedule conflict and he transferred responsibility for the case to another

13  attorney in his office, Mark B. Busick, Esq. ("Mr. Busick"). Mr. Ryder advised Ms.

14  Carroll that Mr. Busick was not available for the Deposition on either June 15 or 16. Ms.

15  Carroll contacted Mr. Busick's office to inform him that she intended to take the

16  Deposition on June 16 anyway. Ms. Carroll also informed Mr. Busick that she no longer

17  intended to depose the Defendants; ergo, only the Debtor's Deposition remained an issue.

18  On June 14, Ms. Carroll first informed Mr. Gates about her intention to take the

19  Deposition on June 16. Between June 14 and 15, the Trustee left messages with the

20  Debtor regarding the new date for her Deposition. The Debtor left a return message with

21  the Trustee on June 15 informing him that she was not available on June 16. The Trustee

22  responded with messages to the Debtor essentially demanding that she appear. The

23  Debtor did not respond.

24      Ms. Carroll commenced the Deposition on June 16 at 2:00 p.m. Neither the

25  Debtor, her counsel, nor anyone from Mr. Busick's office appeared. On June 19, the

26  Trustee filed a motion for, *inter alia*, relief from the FPC Order. The Trustee asked the

27  court to reopen discovery, to continue the final pre-trial pending completion of the

28  Debtor's Deposition, and to extend the time for filing the final pre-trial statements. The

3

1   Defendants did not oppose this relief and the court granted that portion of the motion in

2   an order dated July 12. The Trustee also seeks an award of sanctions in the amount of

3   $1,342.75 for the costs of having to resubpoena the Debtor for her Deposition and for

4   having to bring this motion.

5   **Analysis.**

6   Discovery in an adversary proceeding is governed by the Federal Rules of Civil

7   Procedure. The authority for taking the deposition of a non-party witness is set forth in

8   Fed.R.Civ.P. 30 (made applicable to adversary proceedings by Fed.R.Bankr.P. 7030).

9   Rule 30(a)(1) states in pertinent part, "A Party may take the testimony of any person,

10  including a party, by deposition upon oral examination . . . . The attendance of [non-

11  party] witnesses may be compelled by subpoena as provided in Rule 45."

12  Fed.R.Civ.P. 45 defines the content of a subpoena and the consequences for failure

13  to obey a subpoena in pertinent part as follows:

14  (a) Form; Issuance.

15  (1) Every subpoena shall

16  (A) state the name of the court from which it is issued; and

17  (B) state the title of the action, the name of the court in which it is pending
        and its civil action number; and

18
        (C) command each person to whom it is directed to attend and give
19      testimony . . . *at a time and place therein specified;* . . . . (Emphasis added.)

20  . . .

21  (e) Contempt. Failure by any person without adequate excuse to obey a subpoena
        served upon that person may be deemed a contempt of the court from which the
22      subpoena issued.

23  Here, the Debtor was served with a subpoena to appear for her oral Deposition on

24  June 8. There is nothing in the record to indicate that the Debtor was not ready, willing

25  and prepared to appear at that time in compliance with the subpoena. But then the

26  attorneys for the parties agreed to change the schedule. They attempted through various

27  correspondence to work out informally a new time and date for the Deposition. Neither

28  the Debtor, nor her attorney, was included in those conversations. Moreover, the Debtor

4

1  was never served with a new subpoena for a new date, so there is no basis to find the

2  Debtor guilty of contempt as set forth in Fed.R.Civ.P. 45(e).

3      The Trustee initiated the request to reschedule the Deposition because he had not

4  yet received the property appraisal. Mr. Ryder agreed to reschedule the Deposition so the

5  parties could discuss settlement. Thereafter Mr. Ryder tried to accommodate the Trustee

6  and offered to work through his clients to set up a new Deposition date. However, Mr.

7  Ryder did not represent the Debtor and he had no authority to make a binding

8  commitment on behalf of the Debtor regarding her willingness, or ability, to appear at any

9  time not prescribed in a proper subpoena.[3]

10      The Trustee argues that sanctions should be awarded pursuant to Fed.R.Civ.P.

11  37(a)(4)(A). Rule 37 (made applicable to this adversary proceeding by Fed.R.Bankr.P.

12  7037) authorizes a party to an adversary proceeding to apply for an order compelling a

13  response from a deponent who refuses to answer a question or produce a document

14  properly requested. Subpart (a)(4)(A) of Rule 37 requires the court to award expenses

15  against the "party," the "deponent," or the "advising attorney" whose "conduct

16  necessitated the motion [to compel discovery]." However, the Trustee did not file this

17  motion under Rule 37 to compel discovery. He filed this motion for relief from the FPC

18  

19      [3]The practitioners who appear before this court know that I strongly endorse,
20  indeed expect, cooperation between the litigants in the prosecution of contested matters
and adversary proceedings. In that regard, I view Mr. Ryder's efforts to facilitate a new
21  Deposition date as commendable. But I also believe that "voluntary" discovery, that is
22  discovery implemented solely through correspondence and informal communications,
should have a very "short leash." The litigants have a duty to diligently prosecute their
23  cases and prepare for trial. Voluntary discovery often leads to long delays and it is not
24  viewed by this court as an excuse for failure to be diligent. The Federal Rules of Civil
Procedure prescribe a comprehensive scheme for discovery in an adversary proceeding,
25  which can include sanctions, monetary, or otherwise, when the Rules are not complied
26  with. A litigant's failure to comply with voluntary discovery is not a predicate for an
award of sanctions. The only way a litigant can properly protect him or herself from
27  discovery abuses, actual or perceived, and lay a foundation for sanctions is to formally
28  propound discovery in compliance with the Federal Rules.

1   Order because he had not been able to complete discovery before the original cut-off date,

2   and because a new subpoena was required for the Debtor's Deposition.[4]  There was no

3   dispute that the Debtor would appear for a properly noticed Deposition.  Indeed, the

4   Debtor did appear and compete her deposition on August 22.[5]  There was nothing the

5   court could compel the Debtor to do until she was under a proper subpoena.  There is

6   nothing to suggest that the Defendants, or their counsel, advised anybody to do anything

7   to "necessitate" the bringing of a motion to compel discovery from the Debtor.  Mr. Gates

8   was the Debtor's counsel and he was essentially left out of the discussions regarding a

9   date for the Deposition.  It is not even clear that the Trustee had to file this motion, except

10  to pursue his request for sanctions.  There is nothing in the record to suggest the

11  Defendants would not have stipulated to vacate the FPC Order and avoid the need for a

12  motion altogether.[6]

13         Finally, the Trustee argues that the Defendants should be sanctioned for "bad

14  faith."  The record fails to show that the Defendants did anything for which they should,

15  or even could be sanctioned here.  The Defendants did not fail to appear for anything, and

16  they were even less involved in the negotiations than Mr. Ryder.  The record also fails to

17  show that Mr. Ryder did anything to intentionally mislead Ms. Carroll and the Trustee.

---

19  [4]The Trustee bears some responsibility for this debacle because he waited until
20  virtually the 11th hour to schedule the Deposition in the first place.  This is not a
    complicated adversary proceeding.  The FPC Order set a discovery cut-off date that was
21  over seven months after the adversary proceeding was filed and almost five months after
    the initial status conference.  Yet the Trustee did not set the Deposition until one week
22  before the discovery cut-off.  By then, there was little time to accommodate a
23  postponement and the kind of scheduling issues that often arise in discovery.

24  [5]The record is silent as to whether the Trustee had to issue a new subpoena or the
25  Debtor appeared voluntarily.

26  [6]The Trustee also requests sanctions pursuant to Rule 37(d), which authorizes an
27  award of sanctions if a *party* fails to appear for a properly noticed deposition.  Rule 37(d)
    does not apply here because the Debtor is not a party, and her Deposition was not
28  properly noticed for June 16.

1  Ms. Carroll knew that the Debtor was not under a proper subpoena to appear after the
2  June 8 date was "postponed." She also knew that she did not have any agreement from
3  the Debtor, or her counsel, to appear at any time not set forth in the original subpoena.
4  Indeed, Mr. Gates was not even informed of the new date until one or two days prior.
5  Ms. Carroll went forward with the Deposition on June 16 and incurred those costs
6  anyway. The Trustee's motion for sanctions will be denied.

7  **Conclusion.**

8       Based on the foregoing, the court is not persuaded that there is any basis to award
9  sanctions against the Defendants in this adversary proceeding. The Trustee's motion for
10 sanctions will be denied.

11      Dated: October ___25___, 2006

12

13

14                                          W. Richard Lee
                                            United States Bankruptcy Judge

7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

| | | |
|---|---|---|
| Dorothy Carroll<br>545 E Alluvial #112<br>Fresno, CA 93720 | James Salven<br>PO Box 25970<br>Fresno, CA 93729 | Saundra Gentry<br>3549 W SAN JOSE AVE<br>#101<br>FRESNO, CA 93711 |
| Office of the U.S. Trustee<br>2500 Tulare Street, Rm 1401<br>Fresno, CA 93721 | Glen Gates<br>7100 N Financial Dr #105<br>Fresno, CA 93720 | Hilton Ryder<br>PO Box 28912<br>Fresno CA 93729-8912 |

DATED:   October 26, 2006          By: *Leticia Putinoske*

Deputy Clerk

EDC 3-070 (New 4/21/00)